FILED

2015 OCT 15 A 11: 1

U.S. DISTRICT COURT
EASTERN DIST.

| | |
|---|---|
| CATHERINE GEBHARDT<br><br>Plaintiff, pro per<br><br>v.<br><br>BEAL FINANCIAL CORPORATION et al,<br>LORRAINE BROWN; JOYCE LINGER;<br>JERRY KERLEY; DOUGLAS E.TAYLOR<br>DOES 1 THROUGH 10<br><br>Defendants | Case No.: 3:15-cv-268<br><br>OBJECTION TO DEFENDANT<br>LINGER'S MOTION TO DISMISS |

## PLAINTIFF'S OBJECTION TO DEFENDANT LINGER'S MOTION TO DISMISS

Here comes Plaintiff, Catherine Gebhardt, self represented, and incorporates herein her Notice of Related Cases and all pleadings in her Notice of Constitutional Questions filed in the related case *LNV Corporation v. Gebhardt,* Case No. 3:12-cv-00468 in this court; Case No. 14-5605 in the United States Court of Appeals for the Sixth Circuit, as well as, the Notices of Constitutional Questions filed by the other LNV/Beal victims in the noticed related cases objects to Defendant Joyce Linger's ("Lingerr") Motion to Dismiss for the following reasons:

Jurisdiction in this federal district court is proper and this court has jurisdiction specific to Plaintiff's federal question claims against Defendant Linger pursuant to 28 U.S. Code § 1331 which states:

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff filed a Notice of Constitutional Questions challenging the Tennessee statues pertaining to foreclosures, detainers (or evictions) and the filing and maintaining of property

records by Tennessee county land recorders offices, as well as challenging the unconstitutional summary dismissals and summary judgments pursuant to federal Rule 56 and federal other federal statutes routinely abused for purposes of denying pro se litigants like Plaintiff of due process and equal protection of law.

Property rights are the cornerstone of the United States Constitution. Mortgage contracts and the enforcement of mortgage contracts, and the laws used by parties like LNV Corporation to enforce mortgage contracts where one's property is pledged as collateral must be scrutinized when a party to that contract is, or may be, wrongfully, and unconstitutionally deprived of their property under color of law through an abuse of judicial process or abuse of judicial discretion or judicial bias or fraud upon the court or via enforcement of a contract that is void because it was originated in fraud; and pursuant to unconstitutional laws.

Here Plaintiff claims that her rights to due process and equal protection of the law pursuant to the fifth and fourteenth amendments to the United States Constitution were violated by the actions and inactions of all Defendants acting in collusion with each other; beginning with the origination of a mortgage contact in 2002 that was brokered by Defendant Joyce Linger ("Linger") and her husband, Neal Linger, in collusion with Defendant Jerry Kerely, ("Kerely") already criminally convicted, *United States v. Jerry Kerley*, 13-5821 (6th Cir. 2015) with others (his co-conspirators) by the United States for conspiracy to commit wire fraud affecting a financial institution and bank fraud, wire fraud affecting a financial institution, bank fraud, making a false statement to a financial institution, and money laundering, all arising out of a 2006 mortgage fraud scheme.

Plaintiff contends that Kerely's acts of fraud began long before 2006 and that she is a victim of his criminal conspiracy, and that Linger was a co-conspirator with Kerely.

The evidence in this case (some of which has already been filed in the noticed related case _LNV v. Gebhardt_ ) specific to Defendant Linger that gives rise to Plaintiff's claims against Linger shows that:

1. Although the stated "lender" on the mortgage contract was "Sebring Capital Partners", the party that funded the loan was Bank One N.A. See **Exhibit A** attached hereto.

   This fact was known to Defendants Linger and Kerely who intentionally withheld this information from Plaintiff so she would have no opportunity to understand the risks and obligations of the contract they encouraged her to sign.

2. A loan application was retrieved by Plaintiff from the offices of Jerry Kerely that, although it bears Plaintiff's signature she did not fill out this loan application which incorrectly states she was not an American citizen and was not purchasing the property for residential purposes. See **Exhibit B** attached hereto.

   Defendant Linger was the only party who provided Plaintiff with a loan application and took a loan application from Plaintiff. It appears Linger altered the loan application Plaintiff gave to her and made multiple copies of it and filled the out with false information; of which Plaintiff had no knowledge.

3. Unknown to Plaintiff Virginia Johnson who did the appraisal of the property which had been grossly over inflated was Linger's relative. Plaintiff was moving to Sevierville for a job and unfamiliar with property values in the area so she relied totally on the expertise and professionalism of Linger and the other parties involved in the origination of her mortgage, she now realizes this reliance was to her detriment as Linger and the others made misrepresentations and omitted information of which they had knowledge to prevent Plaintiff from understanding the risks and obligations of the contract they encouraged her to sign. Linger always rushed Plaintiff to sign things. See **Exhibit C** attached hereto.

4. The cost of the loan in the TILA disclosures and the settlement statement do not match. $28,000 that was already funded through a separate agreement with Ronnie Sullivan, the seller, was padded into the settlement statement. Both Linger and Kerely knew this $28,000 was for the purchase of a separate tract of three (3) acres and that a separate owner financed purchase agreement was made between Plaintiff and Sullivan and the $28,000 was not part of the property purchase to be funded by the mortgage loan. See **Exhibit D** attached hereto.

5. In addition to the $28,000 padded into the settlement statement; Linger and Kerely padded Plaintiff's mortgage loan with an additional $47,687.17. Bank One N.A. paid Guaranty Land Title $242,485.02 as per the fed wire transaction dated 11/07/2002. Seller only received $166,797.85 leaving a balance of $75,687.17. Subtract the $28,000 padded into the loan and it leaves $47,687.17 in unexplained fees. The extra $75,687.17 padded into Plaintiff's loan could only have been done with intent by Defendants Linger and Kerely for their unjust personal gain at Plaintiff's expense.

6. Unknown to Plaintiff Linger acted in multiple roles being broker, loan originator and loan officer with Sebring Capital Partners which was a wholesale sub-prime table funder misrepresented as a "lender" bringing loans to brokers, like Linger, rather than directly to individual home buyers. Therefore Defendant Linger in the capacity of these multiple roles had a legal and moral obligation to Plaintiff of which she breached with intent to swindle Plaintiff for her own unjust enrichment.

7. Also unknown to Plaintiff Defendants Linger, Kerely and Douglas E. Taylor had questionable business relationships with each other which created a conflict of interest with Plaintiff, and which they never disclosed to Plaintiff, and which caused them to conspire and to act in collusion to prevent disclosure of their business dealings with each other and to thereby harm Plaintiff.

Plaintiff relied fully on Defendant Linger's expertise and trusted her. Linger and Kerely not only misrepresented the cost of the loan to Plaintiff; they intentionally padded Plaintiff's loan for their own personal gain.

Respectfully submitted

Catherine Gebhardt, Pro-per
3753 Thomas Cross Road
Sevierville, TN 37876
865-333-1526

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via regular mail and that a correct copy of the foregoing document was served upon The United States Attorney General at the addresses below:

U. S. Department of Justice,
Loretta Lynch,
U. S. Attorney General
950 Pennsylvania Ave NW
Washington, DC  20530

Ronn G. Steen Jr.
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
T: 615-465-6010
E: ronn.steen@thompsonburton.com
Counsel Beal Financial Corporation

Joyce Linger
202 West Simmons Street
Spencer, West Virgina 25276

Douglas E. Taylor
Law Practices of Andrew Farmer, PLLC
121 Court Avenue
Sevierville, TN 37862
T: 865-428-6737
E:
Counsel Douglas E. Taylor

Catherine Gebhardt
Self Represented
3753 Thomas Cross Rd.
Sevierville, TN  37876
865-333-1526
cgebhardtbc2014@yahoo.com