UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| CATHERINE GEBHARDT, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:15-CV-286 |
| v. | ) |
| | ) JURY DEMAND |
| BEAL FINIANCIAL CORPORATION, | ) |
| LORRAINE BROWN, JOYCE LINGER, | ) |
| JERRY KERLEY, DOUGLAS E. TAYLOR, | ) |
| DOES 1 THROUGH 10 | ) |
| Defendants. | ) |

**OJBECTION TO PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF FROM ENFORCEMENT OF AN UNCONSTITUTIONAL TENNESSEE LAW SPECIFIC TO EVICTIONS OR DETAINERS**

Defendant Beal Financial Corporation ("Beal") files its objection to *Plaintiff's Emergency Motion for Injunctive Relief from Enforcement of an Unconstitutional Tennessee Law Specific to Evictions or Detainers* ("Motion") filed on October 19, 2015 (Document #30), and requests that this Court enter an order denying the Motion. As grounds for its objection, Beal submits the following:[1]

1. First the Motion is due to be denied because there is no personal jurisdiction over Beal since it is a corporation created and maintained in another jurisdiction, is not registered as a corporation with the State of Tennessee, does not conduct business in this jurisdiction, and owns no land in this jurisdiction. For the reasons set forth in its Memorandum of Law (Document # 19), Beal argues that there is no personal jurisdiction over it to permit the requested relief in the Motion.

---

[1] Beal has stated the factual and procedural history in its Memorandum of Law in Support of its Motion to Dismiss (Document # 19), and so in the interest of judicial economy incorporates the same herein as if fully set forth.

2. Second, Plaintiff cannot meet her burden for the issuance of an injunction. The Sixth Circuit has set forth four factors to weigh and balance in determining whether an injunction should be issued, and the moving party, here the Plaintiff, bears the burden of proof. Those factors include: (a) the likelihood of success on the merits; (b) irreparable harm or injury if the injunction is not issued; (c) the potential harm to third parties; and (d) the effect on public policy if an inunction is issued. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759 F.2d 1261 (6th Cir., 1985). Plaintiff cannot satisfy these requirements.

3. First, Plaintiff is unlikely to prevail on the merits for the reasons set forth in Beal's Motion to Dismiss (Document # 18).

4. Second, there is no harm or injury to Plaintiff. LNV Corporation ("LNV"), not Beal, holds title to the Property (as that term is defined in the Memorandum of Law (Document # 19)), and has instituted an eviction action in Sevier County, Tennessee General Sessions Court. As a result, no relief can be granted against any of the defendants to this current case since none of the defendants holds title to the Property. Additionally, it should be noted that Plaintiff has lived in that same Property without any payments to LNV for more than five (5) years. This fact alone mitigates any harm that will result since Plaintiff arbitrarily decided to stop making her requisite loan payments.

5. The third factor, the harm to others, clearly weighs in Beal's favor. No third parties will be harmed. Plaintiff has not alleged the existence of any third parties with any rightful claims that will be damaged if injunctive relief is not granted.

6. The fourth factor also weighs in favor of Beal. Public policy will not be harmed or served by granting the Motion. In fact, public policy will be harmed if the Motion is granted since there is no *in personam* jurisdiction for Beal. Given the lack of in personam jurisdiction,

2

granting the Motion will detrimentally affect parties' rights to seek relief from actions brought against them where no jurisdiction exists. Such a ruling would be contrary to well-established case law. As a result, Plaintiff cannot meet her burden and the Motion should be denied.

7. The Motion should also be denied since the request is moot as the time to file her appeal from the Sevier County General Sessions order has expired. Pursuant to T.C.A. §§ 27-5-108 and 29-18-128, Plaintiff had ten (10) days to file her appeal with the Sevier County, Tennessee General Sessions Court, yet failed to do so. The default judgment was entered against her in the unlawful detainer action on October 12, 2015, and Plaintiff's deadline for filing her appeal expired on October 22, 2015. The default judgment is now final and non-appealable.

8. Additionally, and alternatively, the Motion cannot be granted since it would violate the Anti-Injunction Act codified at 28 U.S.C. § 2283. The Anti-Injunction Act prohibits federal courts, other than the Supreme Court, from issuing injunctions staying proceedings in state courts except in three specific instances: where expressly authorized by Act of Congress; where necessary to enforce or aid in federal courts' jurisdiction; or where necessary to protect or effectuate its judgments. None of the three exceptions apply in the instant action. As a result, this Court should deny the Motion.

9. Finally, it should be noted that the Plaintiff filed a virtually identical motion for relief with the Sixth Circuit Court of Appeals in that certain appellate case styled *LNV Corp. v. Gebhardt*, Case No. 14-5605 (Document No. 49), and the Sixth Circuit Court of Appeals denied her motion in its Order dated October 30, 2015 (Document No. 50-2). Copies of the motion and order are attached hereto as <u>Exhibit A</u>.

For all of the foregoing reasons, Beal respectfully requests that this Court enter an order denying the Motion.

Respectfully submitted,

s/ Ronald G. Steen, Jr.
Ronald G. Steen, Jr. (#020536)
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: (615) 465-6010
Email: ronn.steen@thompsonburton.com
*Attorneys for Defendant,*
*Beal Financial Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2015, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

*Via E-mail and First Class U.S. Mail:*

| | |
|---|---|
| Catherine Gebhardt<br>Cgebhardtbc2014@yahoo.com<br>3753 Thomas Cross Road<br>Sevierville, Tennessee 37876 | Lorraine Brown<br>c/o Warden Anthony Steward<br>Huron Valley Correctional Facility<br>3201 Bemis Road<br>Ypsilanti, MI 48197-0911 |
| Douglas E. Taylor<br>The Law Offices of Andrew Farmer, PLLC<br>121 Court Avenue<br>Sevierville, Tennessee 37862 | Joyce Linger<br>202 Simmons Street<br>Spencer, West Virginia 25276 |
| Wade V. Davies<br>606 W. Main Street<br>Suite 300<br>P.O. Box 1126<br>Knoxville, TN 37901-1126 | |

s/Ronald G. Steen, Jr.
Ronald G. Steen, Jr.