UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CATHERINE GEBHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-286-PLR-CCS |
| | ) |
| BEAL FINANCIAL CORPORATION, | ) |
| LORRAINE BROWN, JOYCE LINGER, | ) |
| JERRY KERLEY, DOUGLAS E. TAYLOR, | ) |
| And DOES 1 THROUGH 10 | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a mortgage foreclosure action and Gebhardt's fourth lawsuit alleging claims against various parties arising from her purchase of a residence in 2002.

Defendants Beal Financial Corporation, Joyce Linger, Jerry Kerley, and Douglas Taylor, have filed motions to dismiss plaintiff's claims against them. For the reasons which follow, defendants' motions to dismiss will be granted and this action dismissed, with prejudice.

### I. Background

On November 7, 2002, Gebhardt obtained a loan in the original principal amount of $243,100 for the purchase of a home evidenced by an adjustable rate Note. A Deed of Trust on the home secured Gebhardt's indebtedness under the Note. The Note has been assigned multiple times. The Note was originated by Sebring Capital Partners, and

assigned to GMAC Mortgage Corporation, then to LNV Corporation, a wholly owned subsidiary of Beal Bank USA. Beal Bank USA is wholly owned by Beal Financial Corporation. LNV retained MGC Mortgage, Inc. to service the loan. MGC is a Texas corporation wholly owned by Property Acceptance Corp. (PAC). PAC is wholly owned by Beal.

Defendant Joyce Linger acted as an agent for PrimeOne Mortgage and arranged for the Gebhardt loan from Sebring Partners.

Defendant Jerry Kerley was an attorney who operated a title company in Sevier County, Tennessee that acted as closing agent for Gebhardt's loan in 2002.

Defendant Douglas Taylor is an attorney who formerly represented Gebhardt in two lawsuits regarding her Note and loan (*See* Gebhardt II and Gebhardt III *infra*).

Under the terms of the Note, Gebhardt is required to make monthly payments of at least $2,044.12 due on the first day of each month beginning January 1, 2003 and continuing until the maturity date of December 1, 2032. The Note explicitly provides that if Gebhardt fails to make full monthly payments on the date payments are due, she will be in default under the Note. Gebhardt ceased making payments in 2009 on the pretense of "fraudulent conduct" by MGC. Gebhardt is currently in default under the terms of the Note for failure to make full monthly payments on the dates when such payments are due.

In August 2009, plaintiff filed *Gebhardt v. GMAC Mortgage*, *LLC*, No. 3:09-CV-425 (E.D.Tenn) (Gebhardt I). The complaint contained two causes of action alleging that (1) the loan was an adhesion contract, and (2) the loan was unconscionable. Gebhardt

2

also demanded punitive damages based on the "deceptive practices" of GMAC and MGC. The court granted defendants' motions to dismiss finding that Gebhardt failed to allege sufficient facts to support her claims.

Following dismissal of Gebhardt I, plaintiff filed *Gebhardt v. Dovenmuehle Mortgage, Inc.*, No. 2011-0613-II (Cir.Ct. Sevier Cnty) (Gebhardt II). This complaint is substantially similar to Gebhardt I. In her new complaint plaintiff again alleged that the loan was unconscionable and an adhesion contract. Additionally, plaintiff alleged causes of action for breach of fiduciary duty; violation of the Tennessee Consumer Protection Act; fraud; misrepresentation; bad faith; fraudulent assignment; fraudulent foreclosure; and breach of contract. Faced with a motion to dismiss filed by defendants, plaintiff voluntarily dismissed Gebhardt II on March 2, 2012.

LNV filed an action against Gebhardt on September 5, 2012, *LNV Corporation v. Gebhardt*, No. 3:12-CV-468 (E.D.Tenn) (Gebhardt III) to enforce the terms of the Note and to recover all amounts outstanding under the Note. Gebhardt filed an answer to the complaint, again alleging defenses arising out of the facts and issues surrounding the Note, Deed of Trust, Gebhardt I and Gebhardt II. Plaintiff did not, however, file a counterclaim in Gebhardt III. LNV filed a motion for summary judgment. Plaintiff responded to the motion alleging the same facts and circumstances alleged in Gebhardt I, Gebhardt II, and the same facts and circumstances alleged herein. This court granted LNV's motion for summary judgment finding Gebhardt had breached the terms of the Note, and entered judgment for the entire amount of the indebtedness under the Note. The court further rejected all defenses asserted by Gebhardt. Gebhardt subsequently

3

appealed the court's grant of summary judgment to the Sixth Circuit Court of Appeals. On November 20, 2015, the Sixth Circuit affirmed this court's grant of summary judgment to LNV.

Plaintiff filed the instant action on July 8, 2015, again seeking to reinstate her prior claims. All of the allegations contained in the instant complaint are the same adjudicated claims, issues, and facts previously raised and rejected by the courts, or flow directly out of and from the facts and circumstances involving the Loan. Defendants have filed motions to dismiss on the grounds of prior adjudication and expiration of the statute of limitations.

## II. Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, a complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference" that the defendant is liable for the misconduct alleged. *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012). After the Supreme Court's decisions in *Iqbal* and *Twombly*, the Sixth Circuit has recognized that "courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

4

## III. Res Judicata

The court finds Gebhardt's claims subject to dismissal because her current complaint is barred by the principles of former adjudication. All of the instant claims arise from the Note and administration of the loan already adjudicated in the prior litigation. Gebhardt's unconscionability and adhesion claims were previously litigated in Gebhardt I; the same claims were raised in, but subsequently dismissed, in Gebhardt II; and the same operative facts and defenses to the Note were raised and litigated in Gebhardt III. Because the courts have already adjudicated the claims, facts, and issues raised by plaintiff here, she is foreclosed from challenging and relitigating the validity of the Note and the administration of her loan as her claims were, or could have been, brought in the prior litigation.

There are two different types of former adjudication or *res judicata*: claim preclusion and issue preclusion. The purpose of issue and claim preclusion is to conserve judicial resources, to relieve litigants from the cost and vexation of multiple lawsuits, and to encourage reliance on judicial decisions by preventing inconsistent decisions. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). It is well settled that "where the litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964).

Claim preclusion bars "litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). Claim preclusion also bars litigation that could have been raised

5

with respect to the claim. *Westwood Chem. Co. v. Kulick,* 656 F.2d 1224 (6th Cir. 1981). Issue preclusion, or collateral estoppel, operates to "bar successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.D. at 892.

To establish an issue preclusion defense, defendants have the burden of proving the following elements: (1) that the precise issue was raised and actually litigated in the prior proceedings; (2) that the determination of the issue was necessary to the outcome of the prior proceedings; (3) that the prior proceedings resulted in a final judgment on the merits; (4) and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Georgia-Pacific Consumer Prods. LP v. Four-U-Packaging Inc.,* 701 F.3d 1093, 1098 (6th Cir. 2012).

Similarly, to establish a claim preclusion defense, defendants have the burden of proving the following elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies;" (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir. 1997).

Here, all of Gebhardt's claims against defendants, with the exception of her claim against her former counsel defendant Taylor, are precluded by the doctrine of *res judicata* because they are related to her original unconscionability and adhesion claims raised in Gebhardt I, Gebhardt II, and Gebhardt III. The causes of action alleged in the instant

6

complaint all arise out of the same set of facts involving the execution of the Note and subsequent administration of the loan, claims which have previously been adjudicated and rejected by the courts both in Gebhardt I and Gebhardt III. Where two suits arise from the same transaction or series of transactions, the plaintiff should have litigated both causes in the first action and may not litigate the second issue later. *Holder v. City of Cleveland,* 287 Fed. Appx. 468, 471 (6th Cir. 2008). Plaintiff was required to litigate all claims arising out of the same set of facts and circumstances in the prior litigation and she is now foreclosed from asserting those claims in the instant action. The Sixth Circuit instructs that where a litigant brings repeated actions based upon the same operative facts, issue preclusion may still properly apply despite a change in legal theory or "cast of characters-defendants." *Georgia-Pacific,* 701 F.3d at 1098.

Next, all of the claims and defenses raised by Gebhardt were fully litigated and decided on the merits. Even though the current defendants were not parties to the prior litigation, the claims against them must be dismissed under the doctrine of non-mutual claim or issue preclusion. The doctrine of non-mutual issue preclusion bars a litigant from advancing a position that she has presented and lost on the same or similar facts against a different defendant. *Randles v. Gregart,* 965 F.2d 90, 93 (6th Cir. 1992). In addition, Gebhardt had a full and fair opportunity to present the claims in her prior litigation. She was represented by counsel, filed Gebhardt I and filed a response to the defendants' motion to dismiss; she initiated another action in Gebhardt II, but chose to voluntarily dismiss that action; she filed an answer in Gebhardt III and asserted defenses to summary judgment. The court finds plaintiff received a full and fair opportunity to

7

present her claims in the prior litigation. Accordingly, the court finds all of Gebhardt's claims arising from the origination of the Note and subsequent administration of her loan are barred by the doctrine of *res judicata*, and the claims will be dismissed.

### IV.  Claim Against Douglas E. Taylor

Gebhardt alleges that her former counsel "misrepresented his services and intentions to her and did so to deceive her and was in fact not working in her interests" but was instead working "to commit fraud upon the court." Gebhardt's allegations are construed as a claim for legal malpractice under Tennessee law. In Tennessee, the statute of limitations for legal malpractice is one year. Tenn. Code Ann. § 28-3-104(c)(1). The statute of limitations commences once (1) the plaintiff suffers an actual injury as a result of the defendant's misconduct, and (2) the plaintiff knows or should know about the injury. *John Kohl & Co. P.C. v. Dearborn & Ewing,* 977 S.W.2d 528, 532 (Tenn. 1998).

Here, Gebhardt alleges that she became dissatisfied with Taylor's representation of her and fired him as her attorney in October 2013. Thus, she had until October 2014 to file a complaint against him for legal malpractice. The instant action, filed July 8, 2015, is too late. Accordingly, her claims against Taylor are time-barred and will be dismissed.

### V.  Claims Against Unnamed Doe Defendants

Although Gebhardt lists in the caption of her complaint defendants "Does 1 through 10," the complaint fails to identify any Doe defendant, or state any specific allegations of wrongdoing against any Doe defendant. Accordingly, the court finds that plaintiff has failed to state a claim for which relief can be granted against any unnamed

Doe defendant. Accordingly, Gebhardt's claims against the Doe defendants will be dismissed.

### VIII. Conclusion

As discussed above, defendants' motions [R. 11, 18, 23, 33] are **GRANTED**, and this action is **DISMISSED**, **in its entirety, with prejudice.**

Plaintiff's emergency motion for injunctive relief [R. 30] is **DENIED as moot.**

All remaining motions are **DENIED as moot.**

Enter:

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**