UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CATHERINE GEBHARDT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-CV-286-PLR-CCS ) |
| BEAL FINANCIAL CORPORATION, LORRAINE BROWN, JOYCE LINGER, JERRY KERLEY, DOUGLAS E. TAYLOR, And DOES 1 THROUGH 10 | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a mortgage foreclosure action and Gebhardt's fourth lawsuit alleging claims against various parties arising from her purchase of a residence in 2002. On August 26, 2016, the court dismissed this action because Gebhardt's claims arising from the execution and administration of her mortgage loan are barred by the doctrine of *res judicata*. Gebhardt now asks the court to reconsider its order dismissed the case under Rules 52 and 59 of the Federal Rules of Civil Procedure. Finding no error in the court's earlier opinion, Gebhardt's motions are without merit and is denied.

The court relies upon its findings of fact and conclusions of law as stated in the Memorandum Opinion filed on August 26, 2016 [37]. Turning to the merits of the present motions, Rule 52(b) permits a court to amend its findings, make additional findings, and/or amend the judgment. The moving party has the burden of showing that a "manifest error

in the court's findings of fact or conclusions of law" has been made. *Trustees of Painters Union Deposit Fund v. Harrison Const. Co.,* 2006 WL 374566 at *1 (E.D.Mich. Feb. 16, 2006). To prevail on a motion to alter or amend a judgment under Rule 59(e), the movant must show (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005). A motion under Rule 59 is not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and is not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See Kenneth Henes Special Projects Procurement v. Con'tl Biomass Indus. Inc.,* 86 F.Supp.2d 721, 726 (E.D.Mich. 2000).

Gebhardt is still attempting to relitigate the merits of the previously adjudicated actions in Gebhardt I and III. Those claims have been rejected by this court as well as the Sixth Circuit Court of Appeals. Gebhardt is seeking factual findings as to her claims, but those findings should have been sought in the prior actions. This court is precluded by the doctrine of *res judicata* from addressing Gebhardt's claims on the merits. Gebhardt points to no clear error of fact or law by the court in its *res judicata* analysis. Accordingly, Gebhardt's motions to alter or amend the judgment under Rules 52 and 59 [R. 40, 41] are **DENIED.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**